IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NICHOLAS DEMONTEZ ELLIS, | ) |
| | ) |
| Petitioner, | ) |
| | ) NO. 3:17-cv-00252 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**MEMORANDUM OPINION**

Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence in accordance with 28 U.S.C. § 2255. For the reasons stated herein, Petitioner's Motion, as amended, will be **DENIED**, and this action will be **DISMISSED**.

**BACKGROUND**

On April 14, 2014, Metropolitan Nashville Police Department officers responded to a call regarding a suspicious male around the caller's apartment complex who might be selling drugs. (Doc. No. 21 at 2.) Upon arrival, officers noticed Petitioner Nicholas Demontez Ellis carrying a plastic bag and walking toward his vehicle, which was parked near the apartment complex. (*Id.*) As the officers neared Petitioner, Petitioner dropped the bag on the ground by his vehicle. (*Id.* at 3.) As Petitioner was about to enter his vehicle, an officer said, "Hey, let me talk to you for a second." (*Id.*) Petitioner stopped and after some discussion, gave verbal permission for the officers to frisk him. (*Id.*) As officers were searching Petitioner, they noticed marijuana in the bag Petitioner had dropped. (*Id.*) The officers then arrested Petitioner for the marijuana, and while

searching his person and vehicle after the arrest, found a loaded gun, a small amount of cocaine, and 16 additional ounces of marijuana.[1] (*Id.*)

On December 17, 2014, a federal grand jury indicted Petitioner in Case No. 3:14-cr-00196, with unlawful possession of a firearm by a convicted felon (Count One); possession of marijuana with intent to distribute (Count Two); and possession of a firearm in furtherance of a drug-trafficking offense (Count Three). (Doc. No. 1, Case No. 3:14-cr-00196.)

On May 18, 2015, Petitioner's attorney, Erik Herbert ("Herbert"), filed a motion to suppress all evidence seized from the person and vehicle of Petitioner, arguing (among other things) that the officers did not have reasonable suspicion that Petitioner had committed or was about to commit a crime and therefore lacked probable cause to seize Petitioner. (Doc. No. 16, Case No. 3:14-cr-00196.) However, with the motion to suppress pending, the parties negotiated a plea agreement. (Doc. No. 21 at 6.) At the time, Petitioner was facing a guideline range of 262-327 months, even after guideline credit for pleading guilty. (*Id.*) But pursuant to the plea agreement, which Herbert had urged Petitioner to accept, Petitioner agreed to serve 168 months and to drop the motion to suppress. (*Id.* at 8.) After accepting Petitioner's guilty plea, the court sentenced Petitioner to the agreed-upon sentence, (*id.*), which was 94 months below the bottom of the above-noted advisory guideline sentence range.

Petitioner timely commenced this action by filing his original Motion under § 2255 on February 3, 2017. (Doc. No. 1 at 1.) Thereafter, he filed the Amended Motion. Petitioner argues that Herbert was ineffective for mishandling the motion to suppress by failing to recognize the applicability of *United State v. Johnson*. 620 F.3d 685 (6th Cir. 2010). (Doc. No. 21 at 8-10.)

---

[1] The facts set forth in this paragraph (other than those that merely describe the substance of documents filed in Petitioner's underlying criminal case, No. 3:14-cr-00196), are stated in Petitioner's Amended Motion for Relief under 28 U.S.C. § 2255 (Doc. No. 21, "Amended Motion") and are accepted as true herein.

Petitioner also argues that Herbert was ineffective for advising Petitioner that the argument for a downward variance, absent a plea agreement, would be weak and that the court would likely sentence Petitioner within the guideline sentencing range if the court found Petitioner guilty. (*Id.* at 10.) Petitioner seeks an evidentiary hearing to determine whether Herbert's assistance was ineffective. (*Id.*)

## LEGAL STANDARD

To prevail on a § 2255 motion, a petitioner must demonstrate that the court imposed the sentence in violation of the Constitution, the court was without jurisdiction to impose such a sentence, the sentence was more than the maximum sentence authorized by law, or the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255 (2018). Section 2255 requires "a hearing on such allegations unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Fontaine v. U.S.*, 411 U.S. 213, 215 (1973) (internal quotation marks omitted); *Ray v. U.S.*, 721 F.3d 758, 760-61 (6th Cir. 2013); *see also Dagdag v. United States*, No. 3:16-cv-364-TAV, 2019 WL 2330274, at *1 n.1 (E.D. Tenn. May 31, 2019) (internal quotation marks omitted) (citing *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)) ("[W]here the record conclusively shows that the petitioner is entitled to no relief, a hearing is not required."). A petitioner is not entitled to an evidentiary hearing if he has not alleged any facts that, if true, would entitle the petitioner to federal habeas relief. *See McSwain v. Davis*, 287 F. App'x 450, 458 (6th Cir. 2008). Even when material facts are in dispute, an evidentiary hearing is unnecessary if the petitioner is conclusively entitled to no relief. *See Amr v. United States*, 280 F. App'x 480, 485 (6th Cir. 2008).

**DISCUSSION**

A defendant has a Sixth Amendment right to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "It has long been settled that a guilty plea is open to attack on the ground that counsel did not provide the defendant with reasonably competent advice." *Hunter v. United States*, 160 F.3d 1109, 1115 (6th Cir. 1998) (internal quotation marks omitted). In *Strickland*, the Supreme Court put forth a test to evaluate claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a break down in the adversary process that rendered the result unreliable.

*Strickland*, 466 U.S. at 687. Petitioner bears the burden of proving by a preponderance of the evidence that counsel was deficient. *See Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (citing *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006)).

Under the first prong of the *Strickland* test, a petitioner must establish that his attorney's representation fell below an objective standard of reasonableness. 466 U.S. at 688. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Id.* at 689. Strategic choices made by counsel after thorough investigation are virtually unchallengeable. *Id.* at 690. The second prong of the *Strickland* test requires a petitioner to demonstrate with "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also Lafler v. Cooper*, 566 U.S. 156, 174 (2012).

In the motion to suppress, Herbert made an argument indicated by the facts of the encounter at issue. Specifically, he argued that, based on what the officers did and said during that encounter, the officers "seized" Petitioner, such that reasonable suspicion was required. Using well-established legal standards, Herbert provided an argument that gave the court more than enough grounds to find a seizure if the court were to view the facts the way Herbert urged it to. It is quite clear to the Court that if the motion to suppress were to fail, it would not be for failure to clarify the applicable legal standard or to cite particular cases supposedly on point, but rather because the court did not believe that the familiar standards applied to the unique facts of Petitioner's case (including the very specific words spoken by the officers to Petitioner) indicated a "seizure."

Petitioner argues that Herbert was ineffective for failing to recognize the applicability of *Johnson*. (Doc. No. 21 at 5-6.) In *Johnson*, a woman called police to report suspicious individuals loitering around her apartment complex. *See* 620 F.3d at 688. Officers arrived on the scene and saw Johnson walking near the apartment complex and carrying a bag. *Id.* Officers explicitly ordered Johnson to stop, [2] but Johnson continued walking and put his bag in his vehicle. *Id.* He then stopped outside of his vehicle and raised his arms after the officers drew their weapons. *Id.* The Sixth Circuit held that the officers seized Johnson when they first ordered him to stop, before he put his bag in his car. *Id.* at 690-91.

*Johnson* is not exactly on point. The officers in *Johnson* explicitly ordered Johnson to stop, making the interaction clearly a seizure, while Petitioner's interaction with the officers was more ambiguous.[3] (Doc. No. 21 at 3.) Herbert's failure to cite to *Johnson* in the motion to suppress is not unreasonable, because he adequately cited other authority to assert the applicable legal

---

[2] Police stated, "Stop, hey, hold on, wait a second"; ordered Johnson to "stay right there where he was"; and said "police" several times.

[3] An officer testified that he said to Petitioner, "Hey, let me talk to you for a second." (Doc. No. 21 at 3.)

standards and why they compelled suppression when applied to the facts of the case. *See Strickland*, 466 U.S. at 690. *Johnson* would have been relevant and perhaps somewhat helpful to Herbert's argument that the officers did not have reasonable suspicion to stop Petitioner. However, it would not have enhanced the appropriate argument Herbert did advance. It simply would not have provided the great revelation Petitioner now claims it would have provided. There was a chance the court would have granted Petitioner's motion to suppress, but it was also very possible that the court would deny the motion, whether or not Herbert cited *Johnson*.[4]

Additionally, Petitioner argues that Herbert was ineffective for relaying to Petitioner that the argument for a downward variance was weak and that Petitioner, if convicted at trial without a plea agreement, would likely serve a sentence within the career-offender guideline range, even though his prior convictions were low-level drug offenses. (*Id.* at 10.) Petitioner argues that Herbert actually had a strong argument for a downward variance. (*Id.*) Petitioner bases this assertion on non-binding authorities that question whether it is appropriate for courts to subject low-level drug traffickers to the career-offender guidelines. (*Id.* at 6-8.)

However, Herbert's decision to advise Petitioner to plead guilty was strategic and reasonable. *See, e.g.*, *United States v. Green*, No. 13-cr-20098, 2014 WL 6871394 (E.D. Mich. Dec. 5, 2014) (holding that attorney's decision to forgo a motion to suppress and advise his client to enter into an offered plea agreement was strategic). Counsel's performance is not deficient when it is "based upon a reasonable decision to offer a guilty plea in exchange for a lighter sentence." *Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996); *see also Sellers v. United States*, 316 F. Supp. 2d 516, 521 (E.D. Mich. 2004) (When "an agreement represented a compromise between

---

[4] Petitioner also implies that Herbert, in his motion to suppress, relied on facts he should not have. (Doc. No. 21 at 6.) But Petitioner fails to discuss why, or allege facts showing that, Herbert's use of these facts was unreasonable or prejudicial. Any factual allegations supporting, or arguments based on, Petitioner's implication here is simply undeveloped. For these reasons, this Court cannot provide relief under *Strickland* on this basis.

6

the parties, and Petitioner received a benefit, the plea agreement Petitioner's attorney obtained on his behalf cannot be said . . . to be so deficient as to constitute evidence of ineffective performance." (citing *Hunter v. United States*, 160 F.3d 1109, 1115 (6th Cir. 1998))).

Petitioner voluntarily and knowingly entered into a plea agreement, under Rule 11(c)(1)(C), with a binding recommendation of 168 months incarceration, representing a very large variance (94 months below than the bottom of his sentencing guideline range). (Doc. No. 21 at 8; Doc. No. 32 at 4-5.) By accepting the government's offered plea agreement, Petitioner avoided a risk that the pending motion to suppress would be denied, that he would be convicted without the benefits of the plea agreement, and that he would be sentenced more harshly than he ultimately was based on his plea agreement. Herbert avoided the risk that the court would deny a motion for a downward variance at sentencing (or at least one as large) absent a plea bargain. Therefore, Herbert's advice that Petitioner enter into the plea agreement was reasonable

This Court does not need to address the second prong of the *Strickland* test. "[T]here is no reason for a court deciding an ineffective assistance claim to. . . address both components of the inquiry if the [petitioner] makes an insufficient showing on one." *Strickland*, 466 U.S. at 697. Petitioner has failed to show that his counsel's representation fell below an objective standard of reasonableness. *Id.* at 688. Thus, Petitioner is not entitled to a writ of habeas corpus because, accepting all facts (as opposed to legal conclusions and conclusory statements) in his Amended Motion as true, Petitioner is conclusively entitled to no relief. *See Fontaine*, 411 U.S. at 215. For this same reason, Petitioner is not entitled to an evidentiary hearing. *See McSwain*, 287 F. App'x at 485.

7

## CONCLUSION

For the reasons stated herein, Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct Sentence in accordance with 28 U.S.C. § 2255, as amended via the Amended Motion, will be **DENIED**, and this action will be **DISMISSED**.

An appropriate order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE